UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLAND RICE, | No. 2:21-cv-0649 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| P. THOMPSON, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the filing fee.

In his petition, petitioner asserts that he was punished in some respect, which is not clear, for refusing to accept deductions from his federal stimulus payment to satisfy some unspecified financial obligation. Petitioner does not challenge the fact that he is confined, nor the duration of his sentence.

A § 2241 habeas corpus petition is a vehicle for a federal prisoner's challenge to the execution of his sentence. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Challenges to a prisoner's conditions of confinement, however, must be brought through a civil rights action, rather than through a habeas corpus petition. See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . .; requests for relief turning on circumstances of

confinement may be presented in a § 1983 action.") (citation omitted). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief]" and, instead, should be brought as a civil rights claim "in the first instance." Nelson v. Campbell, 541 U.S. 637, 643 (2004); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016).

In light of the foregoing, the court will recommend that petitioner's § 2241 petition be dismissed without prejudice to petitioner presenting the claims in the petition in a civil rights action.

Accordingly, IT IS HEREBY ORDERD that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus be summarily dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 21, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rice0649.sd

2