UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLAND RICE, | No. 2:21-cv-0649 DAD CKD P |
| Petitioner, | |
| v. | ORDER |
| DAVID BREWER,[1] | |
| Respondent. | |

      Petitioner, a prisoner at Federal Correctional Institution-Herlong proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner was sentenced on August 2, 2013, in the United States District Court for the Northern District of California.  A condition of petitioner's sentence is that he pay $1,782.90 to Bank of America in restitution.  ECF No. 20-1 at 94.  In the sentencing order, the Northern District ordered that sum be due immediately.  Id. at 95.  In particular, the court ordered that payment of restitution "must be made during imprisonment and shall be paid at not less than $25 per quarter through the Bureau of Prisons' Inmate Financial Responsibility Program."  Id.

      The Inmate Financial Responsibility Program (IFRP) is voluntary and has the aim of encouraging inmates to meet their "legitimate financial obligations."  28 C.F.R. § 545.10; see also

---

[1] Mr. Brewer is the current warden at petitioner's place of incarceration.  Therefore, he is hereby substituted as the respondent in this action.  See 28 U.S.C. § 2242 & Fed R. Civ. P. 25(d).

1

1   United States v. Lemoine, 546 F.3d 1042, 1046-47 (9th Cir. 2008).  Pursuant to the IFRP, unit

2   staff develop a financial plan for each inmate and monitor the inmate's progress in adhering to

3   that plan.  See 28 C.F.R. §§ 545.10-.11; Lemoine, 546 F.3d at 1047.  Participation in the IFRP is

4   voluntary and denial of certain privileges for refusing to participate in the IFRP does not make

5   participation in the program involuntary or unlawful.  Id. at 1046.

6       In his petition, petitioner alleges as follows:

7   > Due Process Violation

8   > Petitioner asserts that the unit Manager Mr. Wilson impermissibly placed him on FRP refusal when petitioner refused to hand over his entire stimulus payment.

> Unit Manager Mr. Wilson, upon learning that I had received a stimulus payment called me to his office to tell me that he was going to take $100.00 dollars a-month for 12 months.  I explained that I already had a contract to pay $25.00 per quarter ordered by the Court.  Mr. Wilson threatened to place me on FRP refusal if I did not give him the entire payment and ultimately did do so.  As well as raiding my account for numerous payments.  This violates Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012).

15      The increase in petitioner's financial obligation under the IFRP did not violate the terms

16  of his sentence which specified a rate of no less than $25 per quarter.  Further, petitioner fails to

17  point to anything suggesting that the increase violated the IFRP or other federal law.

18      In any case, under the facts alleged, petitioner is not entitled to relief for two reasons.

19  First, he does not indicate what form of relief he seeks.  Indeed, it is not clear to the court what

20  form relief could take even if the court assumes that the money was taken from petitioner without

21  his consent, and that he was denied IFRP benefits.  Second, it is not clear exactly what happened

22  as petitioner's allegations are vague and ambiguous.[2]

23      For these reasons, the court will dismiss petitioner's § 2241 petition with leave to amend.

24  If petitioner elects to amend, he must specify the relief sought.  With respect to claims such as

25  petitioner's which concern the execution of a sentence as it pertains to restitution, the court is

26  generally limited to providing relief which renders the collection of restitution in accord with

---

[2] The response does not contain an affidavit from Mr. Wilson disputing petitioner's claims.

2

petitioner's sentence and otherwise lawful.  See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (damages not available in a habeas corpus action).  If petitioner seeks damages, he should most likely initiate an action for violation of civil rights under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Also, petitioner must point to specific facts that indicate the collection of the restitution violates the terms of his sentence or federal law.  For example, if he asserts that money was improperly withheld, petitioner must indicate when it was withheld, how much was withheld, and why the withholding violated the terms of his sentence or federal law.  If any money was returned to petitioner, he must so indicate.  If petitioner was unlawfully denied privileges to which he was entitled under the IFRP, petitioner must identify the privileges denied, when they were denied, and how the denial of privileges violate the IFRP or the Due Process Clause.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

2. Any amended petition must bear the case number assigned to this action and the title "Amended Petition;"

3. Petitioner's failure to file an amended petition within 30 days will result in a recommendation that this action be dismissed; and

4. Respondent need take no further action absent further order from the court.

Dated:  January 17, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rice0649.frs(3)