UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLAND RICE,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID BREWER,<br><br>    Respondent. | No. 2:21-cv-00649-DAD-CKD (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION WITHOUT PREJUDICE<br><br>(Doc. No. 29) |

    Petitioner Royland Rice is a federal prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On January 17, 2023, the assigned magistrate judge granted petitioner leave to file an amended federal habeas petition because petitioner had failed to state a claim upon which federal habeas relief can be granted under 28 U.S.C. § 2241. (Doc. No. 26 at 2–3.) Specifically, the magistrate judge found that petitioner's allegations were "vague and ambiguous" and failed to specify the relief sought and the basis for that relief. (*Id.*) Accordingly, the magistrate judge granted petitioner thirty days to file an amended petition. (*Id.* at 3.) Petitioner was warned that his failure to file an amended petition would result in a recommendation that this action be dismissed. (*Id.*) Despite requesting and receiving an extension of time in which to file an amended petition, petitioner has not done so.

1

1	Consequently, on April 19, 2023, the assigned magistrate judge issued findings and
2	recommendations recommending that petitioner's federal habeas petition be dismissed due to
3	petitioner's failure to file an amended petition and failure to state a cognizable federal habeas
4	claim under 28 U.S.C. § 2241.  (Doc. No. 29.)  The pending findings and recommendations were
5	served upon the parties and contained notice that any objections thereto were to be filed within
6	thirty (30) days after service.  (*Id.*)  Petitioner requested and received an extension of time in
7	which to file objections to the findings and recommendations.  (Doc. Nos. 30, 31.)  Nevertheless,
8	to date, petitioner has still not filed any objections to the pending findings and recommendations
9	and the time in which to do so has passed.

10	In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
11	*de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
12	pending findings and recommendations are supported by the record and proper analysis.

13	Accordingly,

14	1.	The findings and recommendations issued on April 19, 2023 (Doc. No. 29) are
15		adopted in full;
16	2.	The petition for writ of habeas corpus (Doc. No. 1) is dismissed, without prejudice,
17		due to petitioner's failure to state a cognizable claim under 28 U.S.C. § 2241[1]; and
18	3.	The Clerk of the Court is directed to close this case.

19	IT IS SO ORDERED.

20	Dated:  **July 20, 2023**

21	UNITED STATES DISTRICT JUDGE

---

[1] Because petitioner is a federal prisoner bringing a § 2241 petition, a certificate of appealability is not required.  *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition.").

2